**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TALIA LIEBERMAN, et al.,

    Plaintiffs,

    v.

STATE FARM AUTOMOBILE INSURANCE CO., et al.,

    Defendants.
_____/

No. C 05-0808 PJH

**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND**

    Before this court is plaintiffs' motion to remand and defendants' motion to dismiss.[1] Having read the papers and carefully considered the relevant legal authority, the court hereby GRANTS plaintiffs' motion to remand, for the reasons that follow.[2]

    Defendant, as the removing party, bears the burden of demonstrating that removal jurisdiction is proper, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (creating a "strong presumption against removal jurisdiction") (citations omitted).

    Notwithstanding the requirement for complete diversity, an otherwise non-diverse party's citizenship may be disregarded if defendant can demonstrate that the non-diverse party was "fraudulently joined." See, e.g., Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9thCir. 2001). "If the plaintiff fails to state a cause of action against a resident

---

[1] Pursuant to Civ. L. R. 7-13, this order shall not be cited except as provided by Civ. L. R. 3-4(e).

[2] The court finds this motion appropriate for decision without oral argument as permitted by Civil L.R. 7-1(b) and Fed. R. Civ. P. 78. See also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp., 933 F.2d 724, 729 (9th Cir. 1991) (holding that the court's consideration of the moving and opposition papers is deemed an adequate substitute for a formal hearing), cert. denied, 503 U.S. 920 (1992). The May 11, 2005 hearing is VACATED.

defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987) (citing Moore's Federal Practice).  This is a lenient standard, which does not rise even to the level of a motion to dismiss.  See e.g., Plute v. Roadway Package Syst., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001) (fraudulent joinder claim must be denied "when there is any possibility that a plaintiff may prevail on the cause of action against the in-state defendant") (citations omitted); Diaz v. Allstate Insurance Group, 185 F.R.D. 581, 586 (C.D. Cal. 1998) ("merely showing that an action is likely to be dismissed against a defendant does not demonstrate fraudulent joinder"); Davis v. Prentiss Properties Ltd., 66 F. Supp. 2d 1112, 1115 (C.D. Cal. 1999) (adopting Rule 11 legal standard of claims "warranted under existing law" in evaluating fraudulent joinder claims).

Because there is a presumption against a finding of fraudulent joinder, the defendant bears a heavy burden of proof.  Plute, 141 F. Supp. at 1008, citing Nishimoto v. Federman-Bachrach & Assoc., 903 F.2d 709, 712 n. 3 (9th Cir. 1990) and Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988).  While the court is permitted to look beyond the allegations in the pleadings in resolving questions of fraudulent joinder, see, e.g., Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1319 (9th Cir. 1998), In making the determination, the court must resolve all disputed questions of fact, ambiguous questions of state law, and ambiguous pleadings in the plaintiff's favor.  Plute, 141 F. Supp. at 1008 (citations omitted).

On this lenient standard of review, the court cannot say that plaintiffs' complaint completely fails to show alter ego or co-conspirator liability against State Farm General here. Plaintiffs allege that State Farm General was authorized to act on behalf of State Farm Mutual, and that State Farm Mutual was authorized to act on behalf of State Farm General.  Complaint ¶¶ 2, 4, 5.  Plaintiffs also appear to allege that this unity of corporate identity has been used unfairly to deny them compensation.  See, e.g., Complaint ¶ 28, 30.  These facts, when construed in favor of plaintiffs, are sufficient to defeat State Farm Mutual's fraudulent joinder claim, and warrants remand of the case to state court on this ground alone.

The court thus declines to reach any of the other issues raised in plaintiffs' motion to remand, or defendant's motion to dismiss. Plaintiffs' motion for remand is GRANTED and the case is REMANDED to Sonoma County Superior Court. This order fully adjudicates the matter listed at nos. 5 and 18 on the clerk's docket for this case, and all other pending matters. The clerk is ordered to close the file.

**IT IS SO ORDERED.**

Dated: May 9, 2005

_____/s/_____
PHYLLIS J. HAMILTON
United States District Judge